**PACIFIC WEST SECURITIES, INC.; et al., Plaintiffs-Appellees,**

v.

**JOANNA GEORGE; Randy George, Defendants-Appellants.**

No. 14-15628

United States Court of Appeals, Ninth Circuit.

Submitted November 16, 2016 *

Filed November 22, 2016

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Dennis J. Kelly, I, Dillingham & Murphy, LLP, San Francisco, CA, for Plaintiffs-Appellees.

Joanna George, Pro Se, Randy George, Pro Se, Sonoma, CA, for Defendants-Appellants.

Before: LEAVY, BERZON, and MURGUIA, Circuit Judges.

MEMORANDUM ***

Joanna George and Randy George appeal pro se from the district court's judgment denying their motion to vacate an arbitration award entered against them and granting plaintiffs' motion to confirm the arbitration award. We review de novo the district court's decision to confirm an arbitration award and deny a motion to vacate the award. *Woods v. Saturn Distrib. Corp.*, 78 F.3d 424, 427 (9th Cir. 1996). We affirm.

The district court properly denied Georges's motion to vacate the arbitration award. First, Georges failed to show evident partiality on account of either nondisclosure or actual bias as to one of the arbitrators. *See* 9 U.S.C § 10(a)(2) (providing basis for vacatur due to evident partiality of arbitrators); *Lagstein v. Certain Underwriters at Lloyd's, London*, 607 F.3d 634, 645–46 (9th Cir. 2010) (explaining bases for showing evident partiality); *Woods*, 78 F.3d at 427 (the "party alleging evident

---

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

partiality [in actual bias cases] must establish specific facts which indicate improper motives" (alteration in original; citation and internal quotation marks omitted)); *see also New Regency Prods., Inc. v. Nippon Herald Films, Inc.*, 501 F.3d 1101, 1110 (9th Cir. 2007) ("[C]ourts have rejected claims of evident partiality based on long past, attenuated, or insubstantial connections between a party and an arbitrator." (internal citation omitted)).

Second, Georges failed to show the arbitrators were "guilty" of prejudicial misconduct or misbehavior. 9 U.S.C. § 10(a)(3) (providing basis for vacatur due to arbitrator misconduct or misbehavior); *see U.S. Life Ins. v. Superior Nat. Ins. Co.*, 591 F.3d 1167, 1175 (9th Cir. 2010) (concluding that "[a]rbitrators enjoy wide discretion to require the exchange of evidence, and to admit or exclude evidence, how and when they see fit" and that the movant for vacatur had a fundamentally fair hearing where "[i]t had notice, it had the opportunity to be heard and to present relevant and material evidence, and the decisionmakers were not infected with bias" (citation and internal quotation marks omitted)).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument.